IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

BOBBY E. BURTON, JR.                    §
TDCJ-CID No. 00836846,                  §
                                        §
        Plaintiff,                      §
                                        §
v.                                      §        2:21-CV-146-Z-BR
                                        §
WARDEN KEESE,                           §
                                        §
        Defendants.                     §

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### TO DISMISS § 1983 CLAIM

Plaintiff Bobby E. Burton, Jr. tendered to this Court a pleading attempting to initiate a civil proceeding under 42 U.S.C. § 1983. (ECF 1). Plaintiff did not submit with his pleading any payment to satisfy the requisite fee nor did he submit an Application to Proceed *in Forma Pauperis* with a certified trust fund account data sheet.

On December 13, 2022, the Court entered a Notice of Deficiency of the Complaint. (ECF 8). By that order, the Court temporarily granted Plaintiff permission to proceed *in forma pauperis* pending submission of a certified *in forma pauperis* data sheet from the penal institution in which he is incarcerated or, alternatively, receipt of the $402.00 filing fee within 30 days. (*Id.*). The Court warned that failure to do so would result in an immediate recommendation for the dismissal of the case without further notice. (*Id.*).

As of this date, Plaintiff has not responded to the Order or attempted to communicate with the Court in any way. The Court has given Plaintiff ample opportunity to comply with its Order, yet Plaintiff has failed to follow the Court's direct orders. Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to

comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir.

1988); *see* Fed. R. Civ. P. 41. "This authority [under Rule 41(b)] flows from the court's inherent

power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin*

*v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S.

626, 82 S. Ct. 1386 (1962)). The undersigned finds Plaintiff's failure to comply with this Court's

December 13, 2022 Order warrants dismissal.

<u>RECOMMENDATION</u>

It is the RECOMMENDATION of the United States Magistrate Judge to the United States

District Judge that the Complaint, (ECF 1), filed by Plaintiff Bobby E. Burton, Jr. be DISMISSED.

<u>INSTRUCTIONS FOR SERVICE</u>

The United States District Clerk is directed to send a copy of this Findings, Conclusions

and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED January 19, 2023.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

**\* <u>NOTICE OF RIGHT TO OBJECT</u> \***

Any party may object to these proposed findings, conclusions and recommendation. In the
event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is
fourteen (14) days from the date of filing as indicated by the "entered" date directly above the
signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by
electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the
fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28
U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the
Findings, Conclusions and Recommendation." Objecting parties shall file the written objections
with the United States District Clerk and serve a copy of such objections on all other parties. A

party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).